## In Re SKOWRON et al.

### (172 N. W. 806).

(File No. 4545.   Opinion Filed June 9, 1919.   Rehearing denied
June 24, 1919).

1. Appeals—Error—Dependent Children, Restoring to Father, Findings Re—Evidence, Sufficiency.

Where, in a proceeding in circuit court upon a petition of Children's Home for an order changing the care and custody of certain children from petitioner's Home to a Sisters' Orphanage Asylum, trial court, upon an amended petition, made findings favoring return of the children to their father as one proper to have their care and custody, Held, that the evidence amply supported the findings, provided the court believed the

father's testimony; there being nothing in the record leading
to a contrary conclusion.

2.  **Parent and · Child—Dependent Children, Guardianship Of—Juris-
diction of County, Circuit, Court—Statutory Examination of
Sisters' Non-Resident Asylum, Want Of, Effect—Statutes.**

In a proceeding under a petition of the Children's Home, for
change of custody and care of minor children now in its cus-
tody, from said Home to a non-resident Sisters' Orphanage
Asylum, the petition praying "further relief as to the court
may see just and equitable," it having been amended after evi-
dence received, "To conform to the testimony and proven facts,"
Held, as against the objection that, there having been no ex-
amination and approval by said authorities, of the Sisters' in-
stitution as required by Laws 1915, Ch. 119, the county court
was without jurisdiction to grant the petition, and that circuit
court (in which the matter was pending after appeal on trial
de novo), having no further jurisdiction than was vested in
county court, was without jurisdiction,—that, conceding that
circuit court had no other or further authority than that of
county court, and that county court could not have given such
care and custody to the Sisters' institution, the real question
is whether county court could have granted the relief the
circuit court did grant; and Held, that if county court had
found there were grounds for vacating its former order (trans-
ferring the children from father's custody to that of the Chil-
dren's Home) and also that the father was a proper person to
have their care and custody, such court, under the petition,
would have had jurisdiction to have allowed amendment of
petition as made, and to have restored care and custody of the
children to the father. Held, further, that, the matter being in
circuit court, not on review, but for trial de novo, it had all
the power the county court might have exercised; that either
court had power, under the general prayer for relief, to grant
the amendment. So held, construing Laws 1915, Ch. 119, Sec.
16, in effect providing that county court may enter an order
permitting children who have been placed under a guardianship,
to be returned to their home and custody of their parents, etc.,
if found that such home is a suitable place, etc.

3.  **Same—Dependent Children, Guardianship Re—Jurisdiction—
Procedure for Return of Children to Parent, Notice of to
Custodian, Necessity—Statute—Remedy Re Continuance.**

Nor is the objection, made by individuals to whom certain of
the children in question had been granted custody and care of
them by the Children's Home, that such individuals had not
had the 10 days notice provided for in Sec. 16, tenable; the
Home having had more than 10 days notice of the petition;
that none of the individuals, interveners was entitled to such

notice, as they were merely holding custody of children under the Home; or if, when the amendment to petition was sought, the Home or said individuals were taken by surprise as having to meet new issues, they should have asked a continuance to procure any further evidence they might desire to offer.

**4. Same—Dependent Children, Guardianship Re, Petition Re Change Of, Return to Parents, Evidence re Advantages Under Guardians, Under Parent's Custody—Parents' Controlling Rights Considered.**

In a proceeding under petiton to have care and custody of dependent children now in the Children's Home changed and custody given to a non-resident Sisters' Asylum, petition having been amended to conform to proof, under which court had found in favor of their return to the parent, **Held,** construing the evidence on appeal, that, although the children might have greater educational and monetary advantages at the homes of certain individuals to whom they had been transferred by the Children's Home management, yet, such fact is not controlling; the rights of the children to be kept together, and of the father as such, being far greater than those of these individuals, it being not improbable that cultivation of family ties and love may make of children better citizens than would their rearing in such other homes of known foster parents; especially in that the Children's Home could not consent to adoption of them by such individuals.

Appeal from Circuit Court, Beadle County. HON. ALVA E. TAYLOR, Judge.

In the matter of the dependency and guardianship of Hedrick Skowron, Leyzy Skowron, Helen Skowron, Mary Skowron, Anna Skowron, and Stanley Skowron, minor children of Stanley Skowron. The county court, being petitioned by the Children's Home, to whose custody said children had been given by order of the county court of Beadle County, for an order vacating and changing its original order so as to place the children in care and custody of the Sisters of an orphanage asylum, said court having denied said relief; appeal was taken to circuit court, which court rendered judgment vacating the original order of the county court, and giving care and custody of said children to the father, Stanley Skowron; from which judgment, and an order denying a new trial, the Children's Home, James Converse and wife, G. A. Goddard and wife, and Jerry Donahoe and wife, appeal. Affirmed.

*Aikens & Judge, Chamberlain & Hall,* and *James M. Brown,* for Appellants.

*C. A. Kelley, James Byrnes,* and *Coe I. Crawford,* for Respondent.

(2)   Under point two of the opinion, re non-examination of Sisters' Orphanage, Appellants cited:

Laws 1915, Ch. 119, Secs. 10, and, in re Jurisdiction; Secs. 19, 34 said Laws; Sec. 359; Prob. Code; Laws 1917, Ch. 182; In re Shelly's Estate, 24 S. D. 424; Children's Home v. Kelley, et al., 32 S. D. 528.

Respondent cited, re jurisdiction:

Laws 1915, Ch. 119, Secs. 2, 14, 15, 16, 17, 22, 28, 34, 44.

(4)   To point four, Appellants cited:

Laws 1915, Ch. 119, Sec. 35; Sec. 149, Civ. Code; Re Pryse, 41 L. R. A. (N. S.) 564 and Ann. thereto; Wilson v. Mitchell, 11 Pac. 21.

WHITING, J.   In January, 1917, the county court of Beadle county, acting under the provisions of chapter 119, Laws 1915 (sections 9972-10004, Rev. Code 1919), and upon a petition filed by an official of the Children's Home located at Sioux Falls, took from the custody of Stanley Skowron, of said Beadle county, his six children, aged from two months to nine years, and placed the same in the custody of said home.   In June, 1917, Skowron presented a petition to said county court reciting the former action of such court, and, upon the facts alleged in such petition, he asked the court to require said home to show cause why the former order should "not be vacated, modified, and changed so as to take the care and custody of said children" from said home and intrust same to the Sisters of a certain orphanage asylum located in the city of Milwaukee, Wis.; he sought "such other and further relief as to the court may seem just and equitable."   The county court denied the relief sought, and an appeal was taken to the circuit court wherein a trial de novo was demanded and had.   Parties to whom the care of some of the children had been intrusted by the home intervened.   After the evidence was all received, the petitioner sought to and was allowed to amend his petition "to conform to the testimony and proven facts," setting forth allegations showing that he was at that time a proper person to have the care

4—Vol. 42, S. D.

of said children; declaring his purposes, if granted the care of his children; and asking that the custody of said children be restored to him. The court entered findings of fact and conclusions of law upon which a judgment was rendered vacating the original order of the county court and giving the care and custody of said children to the petitioner. From such judgment and an order denying a new trial this appeal was taken.

There are numerous assignments of error, but, as we view the questions raised, the two all-important matters demanding our consideration are: (a) The sufficiency of the evidence to support the findings of the circuit court; (b) the jurisdiction of such court to grant the particular relief granted by it.

[1] There certainly was ample evidence to support such findings provided the court believed the testimony of Skowron. It is evident that such court did believe such testimony, and we can find nothing in the record herein that leads us to doubt the correctness of the court's conclusion that this much wronged father gave a truthful account of those matters material to the issue before the court. We deem it unnecessary to review such testimony, as we cannot see wherein such a review would serve any useful purpose. Furthermore, we deem it unnecessary to recite herein the findings of the trial court. Suffice it to say that they fully sustain its conclusions and judgment, and present a record of wrongs done in the name of the law which record can find few parallels in the history of modern jurisprudence.

[2] But it is contended that, inasmuch as the petition which sought the vacation of the original order of the county court asked such court to commit the custody of these children to these Sisters residing in another state to be by them cared for in an institution which had not been examined and approved by the proper authorities of this state as required by such chapter 119, Laws of 1915, the county court was absolutely without any authority to grant such petition, and that the circuit court had no other or further authority than was vested in the county court. That the circuit court had no other or further authority than such as was vested in the county court must be conceded; and we may concede that the county court could not have given the care and custody of these children to the Sisters of this foreign institution; but the question presented to us is whether the county court could

have granted the relief which the circuit court did grant. The petition presented to the county court asked for "other and further relief," and we are of the opinion that, if the county court had found that there were grounds for vacating its former order and had also found that the father was a proper person to have the care and custody of his children, such court, under such petition, would have had the jurisdiction to have allowed the petition to be amended to conform to the proof and to have restored the care and custody of the children to the father. This matter was in the circuit court, not to review the action of the county court, but for trial de novo. Upon such trial the circuit court had all the power which the county court might have exercised. Engle v. Yorks, 7 S. D. 254, 64 N. W. 132. We are of the opinion that either court had the power, in the light of the general prayer for relief, to grant the amendment to the petition. Especially do we deem this true in view of section 16 of the said chapter 119, Laws 1915, under which both courts were acting:

"Whenever it shall appear to the court before or after the appointment of a guardian under this act that the home of the child or of its parents, former guardian, or custodian, is a suitable place for such child and that such child should be permitted to remain or ordered to be returned to said home consistent with the public good and the good of the child, the court may enter an order to that effect returning such child to his home under probation, parole, or otherwise; it being the intention of this act that no child shall be taken away or kept out of its home or away from its parents and guardian any longer than is reasonably necessary to preserve the welfare of such child and the interests of this state: Provided however that no such order shall be made without first giving ten days notice to the guardian, institution, or association to whose care such child shall have been committed, unless such guardian, institution, or association, consent to such order: Provided further that this section shall not apply to any child surrendered to any institution for the purpose of adoption."

[3] But appellants urge that they never had 10 days' notice of any application to have the custody of the children restored to Skowron. No appellant, except the home, was entitled to notice— the interveners were merely holding the custody of these children

under the said home.  The home had much more than 10 days' notice of the petition, and, when evidence was offered to prove the father a fit person to have the care and custody of his children or when it was sought to amend the petition to conform to the proof and to specifically ask that the father be given the care and custody of such children, if appellants were taken by surprise and desired time to meet what they deemed new issues, they should have asked a continuance to procure such further evidence, if any, as they might desire to offer.

[4] No question is raised but that the homes to which some of these children had been sent were good homes, and the interveners had undoubtedly become much attached to such children.  Undoubtedly such children would be properly raised in these homes—perhaps would be given greater educational and monetory advantages than can be given to them by their father, but this fact does not appeal to us with any controlling force.  The rights of these children to be kept together and the rights of the father, as a father, are far greater than the rights of these individuals, and we cannot say but that the keeping of this family together, with the cultivation of family ties and love, may make of them better citizens than their rearing in the homes of those whom some day, if not at all times, they would know to be but foster parents.  Moreover, under the order granting the custody of these children to the home, of which order interveners must be deemed to have had constructive notice, they were advised that no power had been given to such home to consent to the adoption of these children, and that therefore they never would be able to adopt them except as such adoption might be consented to by the father or except as they might be able to show to the county court, when seeking such adoption, that the wishes of the father should be disregarded.

The judgment and order appealed from are affirmed.